**HAO LIU, Appellant,**

v.

**HOPKINS COUNTY SULPHUR SPRINGS, TEXAS, et al., Appellees.**

**No. 15-7102**
**September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed On: August 5, 2016

Rehearing En Banc Denied November 2, 2016

Hao Liu, Dallas, TX, Pro Se.

John Peter Glaws, IV, Carr Maloney PC, Washington, DC, for Appellee Hopkins County Sulphur Springs, Texas.

Lisa D. Hull, Harrison Hull, LLP, McKinney, TX, Kathy D. Bailey, Bailey

**24**

Law, PC, Alexandria, VA, for Appellee City of Sulphur Springs, Texas.

BEFORE: Rogers, Kavanaugh, and Srinivasan, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion for summary affirmance, the response thereto, and the reply; appellant's motion for transfer; and appellant's motion for certification and the response thereto, it is

**ORDERED** that the motions for transfer and certification be denied. Appellant has not demonstrated that the requested relief is warranted. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed August 20, 2015 be affirmed. The district court properly determined appellant failed to carry his burden, see Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983), of demonstrating the district court had personal jurisdiction over appellees. Appellant failed to show that either of the appellees is a domiciliary of, or an entity organized under the laws of, or maintains a principal place of business in, the District of Columbia. See D.C. Code § 13–422. Nor did appellant demonstrate that personal jurisdiction may be exercised over the appellees under the District of Columbia's long-arm statute, D.C. Code § 13–423(a). The district court also correctly determined that venue in this district is improper, either under 18 U.S.C. § 1965 or otherwise, see 28 U.S.C. § 1391. Finally, the district court did not abuse its discretion, see Naartex, 722 F.2d at 789, in determining that transfer of appellant's complaint was not warranted, as transfer would not have been in the interest of justice. See 28 U.S.C. §§ 1406(a); 1631.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.